UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALFREDO IZQUIERDO,

    Plaintiff,

-against-

LTD FINANCIAL SERVICES,

    Defendant,
_____/

**COMPLAINT**

Jury Trial Demanded: Yes

## I. PARTIES IN THE COMPLAINT

1. Plaintiff, Alfredo Izquierdo is a resident of State of New York, residing at 673 Jerome Street, Brooklyn, NY 11207.

2. Defendant, LTD Financial Services is a corporation in the business of collecting debts with its principal place of business located at 7322 Southwest Freeway, Suite 1600, Houston, Texas 77074.

3. Plaintiff, is a "consumer" as defined by the FDCPA, 15 USC § 1692(a)(30).

4. The Defendant is a "debt collector" as defined and used in the FDCPA under 15 USC § 1692(a)(6).

## II. JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k (d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

6. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and

financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. § 1692 et seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

### III.   FACTUAL ALLEGATIONS

9. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1' through "8" herein with the same force and effect as if the same were set forth at length herein.

10. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

11. Upon information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communications with the Plaintiff by reporting her account to credit bureaus.

12. On or about July 15, 2015, Plaintiff's representative Whitney Reyes from Asset Protection Management faxed the Power of Attorney notarized to obtain more information regarding a letter that the Plaintiff received.

13. Then on or about July 15, 2015, Plaintiff's representative Whitney Reyes from Asset Protection Management contacted the Defendant in order to get information on account that is reporting on Plaintiff's credit report.

14. A female representative of Defendant who identified herself as Valery Melendez a representative of LTD Financial Services who states after having Whitney Reyes on hold,

"Okay thank you for the wait. The rep handling the account unfortunately is a Spanish speaker, I'm going to go ahead and try to assist you today. Who am I speaking to, today?"

15. Whitney states: "Whitney Reyes from Asset Protection and Management."

16. Defendant's agent states: "Okay Ms. Reyes is Asset Protection & Management a debt settlement company?"

17. Whitney states: "Yes we are."

18. Defendant's agent replies: "Unfortunately by the original creditor we are unable to directly handle this call to you. You would have to have the client call in."

19. Defendant's agent is clearly acting with unfair practices.

## IV. FIRST CAUSE OF ACTION

(Violations of the FDCPA)

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "19" herein with the same force and effect as if the same were set forth at length herein.

21. 15 U.S.C. § 1692f prohibits a debt collector from any unfair or unconscionable means to collect or attempt to collect the alleged debt.

22. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## V. FAIR DEBT COLLECTIONS PRACTICES ACT § 1692

23. In 1977, Congress passed the FDCPA, 15 U.S.C. §§ 1692-1692p, which became effective on March 20, 1978, and has been in force since that date. Section 814 of the FDCPA, 15 U.S.C. § 1692l, authorizes the Commission to use all of its functions and powers under the FTC Act to enforce compliance with the FDCPA by any debt collector, irrespective of whether that

y

debt collector is engaged in commerce or meets any other jurisdictional tests set by the FTC Act. The authority of the Commission in this regard includes the power to enforce the provisions of the FDCPA in the same manner as if the violations of the FDCPA were violations of a Federal Trade Commission trade regulation rule. Finally, a violation of the FDCPA shall be deemed an unfair or deceptive act or practice in violation of the FTC Act.

## VI. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT § 1692f

24. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs "1 through 23" herein with the same force and effect as if the same were set forth at length herein.

25. In connection with the collection of a debt, Defendant, directly or indirectly, have used false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692f, including, but not limited to, the following:

    a. In numerous instances, Defendant, directly or indirectly, have used false representations concerning the character, amount, or legal status or

    b. In numerous instances, Defendant, directly or indirectly, have failed to communicate to the FCRA to which it reported a debt that the debt is disputed, in violation of Section 807(8) of the FDCPA, 15 U.S.C. § 1692f.

26. The acts and practices alleged in Paragraphs 9 through 19, constitute violations of Section 807 of the FDCPA, 15 U.S.C. § 1692e. Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a), the acts and practices alleged in Paragraph 17 and 19 also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## VII. EQUITABLE RELIEF FOR VIOLATIONS OF FAIR DEBT COLLECTIONS PRACTICES ACT

27. Under Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, this Court is authorized to issue all equitable and ancillary relief as it may deem appropriate in the enforcement of the FCRA, the FDCPA, and the FTC Act, including the ability to order rescission or reformation of contracts, restitution, the refund of monies paid, and disgorgement to deprive a wrongdoer of ill-gotten gain.

## VIII. CIVIL PENALTIES FOR VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

28. Defendant, LTD Financial Services has violated the FDCPA as described above, with actual knowledge or knowledge fairly implied on the basis of objective circumstances, as set forth in Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

29. Each instance within one (1) years preceding the filing of this Complaint, in which Defendant LTD Financial Services has failed to comply with the FDCPA in one or more of the ways described above, constitutes a separate violation for which Plaintiff seeks monetary civil penalties.

30. Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), Section 814(a) of the FDCPA, 15 U.S.C. § 1692l, and Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended, authorize the Court to award monetary civil penalties of not more than $11,000 for each violation of the FDCPA.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, pursuant to 15 U.S.C. §§ 45(m)(1)(A), 53(b), 1692l, 1681s, and the Court's own equitable powers, respectfully requests that the Court:

1. Award such relief as the Court finds necessary to redress injury to

consumers resulting from Defendant's violations of the FDCPA, and the FCRA, including but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten gains;

2. Award Plaintiff monetary civil penalties for each violation of the FCRA as alleged in this Complaint, except as to violations of Section 623(a)(1), 15 U.S.C. § 1681s-2(a)(1);

3. Award statutory damages provided and pursuant to 15 U.S.C. § 1692k (a) (1);

4. Award statutory damages provided and pursuant to 15 U.S.C. § 1692k (a) (2) (a)

5. Award statutory damages provided and pursuant to 15 U.S.C. § 1692k (a) (2) (b)

6. Award attorney's fees and costs provided and pursuant to 15 U.S.C. 1692k (a) (3);

7. Order a declaration that the Defendant's practices violated the FDCPA;

8. Award Plaintiff monetary civil penalties for each violation of the FDCPA occurring within one year preceding the filing of this Complaint; and

9. Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Dated: September 28, 2015

Respectfully submitted,

_____
Subhan Tariq, Esq.
Attorney I.D. No. ST9597
The Law Office of Subhan Tariq, Esq., PLLC
216-14 Jamaica Avenue
Queens Village, NY 11428
516-900-4529
Email: Subhan@tariqlaw.com
Attorney for Plaintiff

To: LTD Financial Services
7322 Southwest Freeway, Suite 1600
Houston, TX 77074
(Via Prescribed service)

Clerk of the Court
United States District Court of New York
225 Cadman Plaza East
Brooklyn, NY 11201

(For Filing purposes